UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD JOHNSON and JANET BARNES, Individually and on behalf of all others similarly situated, | Civil Action No. _____ |
| *Plaintiffs*, | JURY TRIAL DEMANDED |
| v. | |
| VEHI-SHIP, LLC, | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| *Defendant*. | CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiffs Ronald Johnson and Janet Barnes, individually and on behalf of all opt-in plaintiffs and others similarly situated (hereinafter "Plaintiffs and the Putative Class Members") bring suit against Vehi-Ship, LLC ("Defendant" or "Vehi-Ship") to recover compensation, liquidated damages, and attorneys' fees and costs under Section 207 and 216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and pursuant to the Illinois Minimum Wage Law (hereinafter "IMWL"), 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* ("IWPCA") (the IMWL and the IWPCA will be referred to collectively as the "Illinois Acts").[1]

---

[1] Plaintiffs previously filed this lawsuit on January 17, 2018, *Johnson et al. v. Vehi-Ship, LLC*, Civil Action No. 3:18-cv-00116-M. The Court granted Vehi-Ship's Motion to Compel Arbitration on April 5, 2018. Since then, Plaintiffs filed for arbitration and paid their arbitration filing fees pursuant to the arbitration agreement. However, Vehi-Ship has still not paid their arbitration filing fees or responded to any communications from the AAA.

*Original Collective/Class Action Complaint*   Page 1

# I.
# OVERVIEW

1. This lawsuit to recover wages includes a collective action brought pursuant to the FLSA, 29 U.S.C. §§ 201–19, and a class action brought pursuant to the Illinois Acts and Federal Rule of Civil Procedure 23.

2. Plaintiffs and the Putative Class Members are those persons who are current and former non-exempt drivers who worked for Vehi-Ship during the relevant statutes of limitation through the final disposition of this matter, and were paid by each car delivered, but were not paid minimum wage and were not paid overtime for all hours worked over forty (40) in each workweek.

3. Vehi-Ship improperly classified Plaintiffs and the Putative Class Members as independent contractors.

4. Vehi-Ship violated (and continues to violate) the FLSA and the Illinois Acts by not paying Plaintiffs and Putative Class Members the applicable minimum wage and for failing to pay overtime for all hours worked in excess of forty (40) hours per workweek.

5. Vehi-Ship knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members at the applicable minimum wage and failed to pay Plaintiffs and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiffs and the Putative Class Members seek to recover all unpaid wages, liquidated damages, and other damages owed under the FLSA and the Illinois Acts as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Federal Rule of Civil Procedure 23(b)(3).

7. Plaintiffs also pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit and that a class action be certified protecting the rights of those employees under the Illinois Acts.

## II.
## JURISDICTION & VENUE

8. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs allege violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et. seq.*

9. This Court has supplemental jurisdiction over the additional Illinois Acts claims pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Vehi-Ship because the cause of action arose within this District as a result of Defendant's conduct within this District.

11. Venue is proper in the Northern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

12. Specifically, Vehi-Ship is headquartered in Garland, Texas, which is located in this District and Division.

13. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## III.
## PARTIES

14. Plaintiff Ronald Johnson ("Johnson") was employed by Vehi-Ship during the relevant time period. Plaintiff Johnson did not receive minimum wage or overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

15. Plaintiff Janet Barnes ("Barnes") was employed by Vehi-Ship during the relevant time period. Plaintiff Barnes did not receive minimum wage or overtime compensation for all hours worked in excess of forty (40) hours per workweek.[3]

---

[2] The written consent of Ronald Johnson is attached hereto as Exhibit "A."

[3] The written consent of Janet Barnes is attached hereto as Exhibit "B."

16. The Putative Class Members are those current and former drivers who were employed by Vehi-Ship at any time during the relevant statutes of limitation through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

17. Vehi-Ship, LLC ("Vehi-Ship") is a Texas limited liability company licensed to and doing business in the State of Texas and Illinois, and may be served through its registered agent for services of process: **Faye Phillips, 10760 HCR 2400, Terrell, TX 75160.**

## IV.
## FACTS

18. Vehi-Ship, LLC provides vehicle logistical services for the automobile industry throughout the United States.[4]

19. In conjunction with the above services, Vehi-Ship employed (and continues to employ) drivers—like Plaintiffs and the Putative Class Members—who were tasked with locally driving and delivering vehicles on behalf of Vehi-Ship's clients.

20. Plaintiff Johnson worked for Vehi-Ship in Illinois from approximately August 2017 until December 2017.

21. Plaintiff Barnes worked for Vehi-Ship in Illinois from approximately December 2016 until April 2018.

22. Vehi-Ship paid Plaintiffs and the Putative Class Members a piece-rate in the amount of $9.00 per vehicle delivered.

23. Vehi-Ship was (and continues to be) aware that Plaintiffs and the Putative Class Members did not receive the required applicable minimum wage and were not paid overtime for all hours worked over forty (40) each workweek.

---

[4] http://vehiship.com/.

24. Plaintiffs and the Putative Class Members' primary job duties included checking the condition of a vehicle and then locally driving a vehicle from a vehicle yard to another vehicle yard.

25. Upon information and belief, Plaintiffs and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Vehi-Ship and/or its clients.

26. Upon further information and belief, Plaintiffs and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Vehi-Ship and/or its clients.

27. Specifically, Vehi-Ship determined when Plaintiffs and the Putative Class Members would work and for how long they would work each day. Plaintiffs and the Putative Class Members were not allowed to decline a job and were not allowed to leave before all designated vehicles had been transported for that day or else Plaintiffs and Putative Class Members would be fired.

28. Virtually every job function was (and continues to be) pre-determined by Vehi-Ship and/or its clients, including the clothes they must wear, the schedule of work, and other related work duties. Plaintiff and the Putative Class Members were (and continue to be) prohibited from varying their job duties outside of the predetermined parameters.

29. Vehi-Ship set Plaintiffs and the Putative Class Members' pay and controlled the number of hours they worked.

30. Vehi-Ship set all employment-related policies applicable to Plaintiffs and the Putative Class Members.

31. Vehi-Ship maintained control over pricing and marketing. Vehi-Ship also chose equipment and product suppliers.

32. Vehi-Ship owned or controlled the equipment and supplies that Plaintiffs and the Putative Class Members used to perform their work.

33. Vehi-Ship had the power to hire and fire Plaintiffs and the Putative Class Members.

34. Vehi-Ship made all personnel and payroll decisions with respect to Plaintiffs and the Putative Class Members, including but not limited to, the decision to pay Plaintiffs and the Putative Class Members a piece rate with no non-production or overtime pay.

35. Vehi-Ship bought or provided tools and equipment that Plaintiffs and the Putative Class Members used.

36. Plaintiffs and the Putative Class Members did not employ their own workers.

37. Plaintiffs and the Putative Class Members worked continuously for Vehi-Ship on a permanent full-time basis.

38. Vehi-Ship, instead of Plaintiffs and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies. Moreover, Vehi-Ship paid operating expenses like rent, payroll, marketing, insurance, and bills.

39. Plaintiffs and the Putative Class Members relied on Vehi-Ship for their work. Plaintiffs and the Putative Class Members did not market any business or services of their own. Instead, Plaintiffs and the Putative Class Members worked the hours assigned by Vehi-Ship, performed duties assigned by Vehi-Ship, worked on projects assigned by Vehi-Ship, and worked for the benefit of Vehi-Ship and its customers.

40. Vehi-Ship paid Plaintiffs and the Putative Class Members on a weekly basis. Plaintiffs and the Putative Class Members did not earn a profit based on any business investment of their own. Rather, Plaintiffs and the Putative Class Members' only earning opportunity was based on the number of assigned vehicles they were allowed to transport, which was controlled by Vehi-Ship and/or its customers.

41. Vehi-Ship improperly classified Plaintiffs and the Putative Class Members as independent contractors. The classification was improper because Plaintiffs and the Putative Class

Members were not in business for themselves. Instead, they were economically dependent upon Vehi-Ship for their work.

42. Plaintiffs and the Putative Class Members, on average, were required to transport ten (10) vehicles each day, which could take up to fourteen (14) hours or more. Plaintiffs and the Putative Class Members were not allowed to choose how many vehicles they would transport in a day.

43. Plaintiffs and the Putative Class Members worked more than forty (40) hours per workweek.

44. Vehi-Ship made Plaintiff and Putative Class Members pay for any damage to the vehicle they operated and impermissibly deducted these amounts from their pay.

45. The FLSA and the Illinois Acts require that all non-exempt employees receive at least the minimum wage for all hours worked, and overtime for all hours worked in excess of forty (40) hours per workweek

46. Vehi-Ship denied Plaintiffs and the Putative Class Members the proper amount of pay as a result of a widely applicable, illegal pay practice.

47. Accordingly, Vehi-Ship pay policies and practices blatantly violated the FLSA and the Illinois Acts.

# V.
# CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A. FLSA COVERAGE**

48. All previous paragraphs are incorporated as though fully set forth herein.

49. The FLSA Collective is defined as:

**ALL DRIVERS WHO WORKED FOR VEHI-SHIP, LLC, AT ANY TIME FROM JANUARY 17, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

50. At all times hereinafter mentioned, Vehi-Ship has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(r).

51. At all times hereinafter mentioned, Vehi-Ship has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

52. At all times hereinafter mentioned, Vehi-Ship has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

53. During the respective periods of Plaintiffs and the Putative Class Members' employment by Vehi-Ship, these individuals provided services for Vehi-Ship that involved interstate commerce for purposes of the FLSA.

54. In performing the operations hereinabove described, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

55. Specifically, Plaintiffs and the Putative Class Members are (or were) non-exempt drivers who worked for Vehi-Ship and were required to transport vehicles for Vehi-Ship and its clients. 29 U.S.C. § 203(j).

56. At all times hereinafter mentioned, Plaintiffs and the Putative Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

57. The proposed collective of similarly situated employees, i.e. potential collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 49.

58. The precise size and identity of the proposed FLSA Collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Vehi-Ship.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

59. All previous paragraphs are incorporated as though fully set forth herein.

60. Vehi-Ship violated provisions of Sections 6, 7, and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA and (a) failing to pay the federally mandated minimum wage, and (b) failing to compensate such employees for hours worked in excess of forty (40) hours per week at rates of at least one and hone-half times their regular rate.

61. Plaintiffs and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Vehi-Ship's actions and omissions as described herein; though Vehi-Ship is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

62. Moreover, Vehi-Ship knowingly, willfully, and in reckless disregard of the law carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees minimum wage and overtime compensation. 29 U.S.C. § 255(a).

63. Vehi-Ship knew or should have known its pay practices were in violation of the FLSA.

64. Vehi-Ship's failure to pay wages for hours worked to Plaintiffs and the FLSA Collective Members was willful.

65. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Vehi-Ship to pay overtime in accordance with the law.

66. The decisions and practices by Vehi-Ship to pay neither minimum wage or overtime compensation were neither reasonable nor in good faith

67. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to their unpaid minimum wages and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     FLSA COLLECTIVE ACTION ALLEGATIONS**

68. All previous paragraphs are incorporated as though fully set forth herein.

69. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiffs.

70. Other similarly situated employees have been victimized by Vehi-Ship's patterns, practices, and policies, which are in willful violation of the FLSA.

71. The FLSA Collective Members are defined in Paragraph 49.

72. Vehi-Ship's failure to pay minimum wages or overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

73. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

74. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

75. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated at the minimum wage and for all hours worked in excess of forty (40) hours per workweek.

76. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar workers entitled to the minimum wage and overtime after forty (40) hours in a week.

77. Vehi-Ship employed a substantial number of similarly situated workers since January 17, 2015. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States.

78. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Vehi-Ship will retain the proceeds of its rampant violations.

79. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

80. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 49 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Illinois Acts)

**A. ILLINOIS ACTS COVERAGE**

81. All previous paragraphs are incorporated as though fully set forth herein.

82. The Illinois Class is defined as:

**ALL DRIVERS WHO WORKED FOR VEHI-SHIP, LLC, IN ILLINOIS, AT ANY TIME FROM JANUARY 17, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Illinois Class" or "Illinois Class Members")**

83. At all times hereinafter mentioned, Vehi-Ship has been an "employer" within the meaning of the Illinois Acts. *See* 820 ILCS § 115/1; *see also* 820 ILCS § 105/3(c)–(d).

84. At all times hereinafter mentioned, Plaintiff and the Illinois Class Members have been employees within the meaning of the Illinois Acts. *See id.*

85. Plaintiff and the Illinois Class Members were or have been employed by Vehi-Ship since January 17, 2015, and have been covered employees entitled to the protections of the Illinois Acts and were not exempt from the protections of the Illinois Acts.

86. The employer, Vehi-Ship, is not exempt from paying minimum wage and overtime benefits under the Illinois Acts.

### B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE ILLINOIS ACTS

87. All previous paragraphs are incorporated as though fully set forth herein.

88. The Illinois Acts require employers like Vehi-Ship to pay a minimum wage of $8.25 for all hours worked. *See* 820 ILCS § 105/4.

89. Plaintiffs and the Illinois Class Members are **_non-exempt_** employees who are entitled to be paid minimum wage for all hours worked. *See id.*

90. Vehi-Ship has a continuing policy and practice of failing to pay minimum wage for all hours worked to the Illinois Class Members.

91. Vehi-Ship has a continuing policy and practice of failing to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek. *See* 820 ILCS § 105/4a.

92. Vehi-Ship has a continuing policy and practice of making impermissible and illegal deductions from Plaintiffs and the Illinois Class Members' paychecks in violation of the Illinois Acts. *See* 820 ILCS § 115/9.

93. As a result of Vehi-Ship's impermissible deductions to Plaintiffs and the Illinois Class Members' wages, and its failure to pay the applicable minimum wage and overtime wages to Plaintiff and the Illinois Class Members, Vehi-Ship violated the Illinois Acts.

94. Vehi-Ship's impermissible deductions, its denial of the minimum wage for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek to Plaintiffs

and the Illinois Class Members who performed work on behalf of Vehi-Ship in Illinois is part of a continuing course of conduct.

95. Plaintiffs and the Illinois Class Members who performed work on behalf of Vehi-Ship in Illinois are entitled to invoke the benefits of 820 ILCS § 105/12(a); 820 ILS § 115/14; and 815 ILCS § 205/2.

96. As a result, this action, "may encompass all violations that occurred as part of [Vehi-Ship's] continuing course of conduct regardless of the date on which they occurred."

97. Plaintiffs and the Illinois Class Members have suffered damages and continue to suffer damages as a result of Vehi-Ship's acts or omissions described herein; though Vehi-Ship is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculated damages.

98. Plaintiffs and the Illinois Class Members seek the amount of their underpayments based on Vehi-Ship's impermissible deductions, failure to pay the minimum wage for all hours worked, failure to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek, an equal amount as liquidated damages, and such other legal and equitable relief from Vehi-Ship's willful conduct as the Court deems just and proper.

99. Accordingly, the Illinois Acts Class should be certified as defined in Paragraph 82.

**C.  ILLINOIS CLASS ALLEGATIONS**

100. Plaintiffs brings their state law claims on behalf of all Vehi-Ship drivers in Illinois pursuant to Federal Rule of Civil Procedure 23 (the "Illinois Class").

101. On information and belief, Vehi-Ship employed numerous drivers in Illinois during the past three (3) years.

102. These workers are geographically dispersed, residing and working across the State of Illinois.

103. Plaintiffs will fairly and adequately protect the interests of the Illinois Class.

104. Plaintiffs retained counsel who are experienced and competent in class action and employment litigation.

105. Plaintiffs have no relevant interest contrary to, or in conflict with, the members of the Illinois Class.

106. Just like each member of the proposed classes, Plaintiffs have an interest in obtaining the unpaid wages owed under state and/or federal law.

107. A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

108. Absent these actions, many members of the classes likely will not obtain redress of their injuries and Vehi-Ship will retain the proceeds of its violations of the Illinois Acts.

109. Furthermore, even if particular members of the class could afford individual litigation against Vehi-Ship, it would be unduly burdensome to the judicial system.

110. Consolidating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

111. There is a well-defined community of interest in the questions of law and fact affecting the Illinois Class as a whole.

112. The questions of law and fact common to the Illinois Class predominate over any questions affecting solely the individual members.

113. Among the common questions of law and fact are:
   a. Whether Vehi-Ship employed members of the Illinois Class within the meaning of the applicable statutes;
   b. Whether Plaintiffs and the Putative Class Members were denied the Illinois minimum wage by Vehi-Ship for hours worked.

      c.    Whether Plaintiffs and the Putative Class Members were denied overtime compensation at time and one half their regular rate of pay for all hours worked over forty (40) in a workweek

      d.    Whether Vehi-Ship's violations of the Illinois Acts are willful; and

      e.    Whether Vehi-Ship made impermissible deductions to Plaintiffs and the Putative Class Members' wages.

114. Plaintiffs' claims are typical of the claims of members of the classes.

115. Plaintiffs, the FLSA Class, and the Illinois Class, have all sustained damages arising out of Vehi-Ship's wrongful and uniform employment policy.

116. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as class action.

## VI.
## RELIEF SOUGHT

117. Plaintiffs respectfully pray for judgment and relief against Vehi-Ship as follows:

    a.    For an Order certifying the FLSA Collective as defined in Paragraph 49 and requiring Vehi-Ship to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b.    For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c.    For an Order pursuant to § 216(b) of the FLSA finding Vehi-Ship liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the Illinois Class as defined in paragraph 82 and designating Plaintiff Johnson as the Class Representative of the Illinois Class;

e. For an Order pursuant to Illinois Law awarding the Illinois Class Members all damages allowed by law;

f. For an Order awarding the costs and expenses of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding the Named Plaintiffs service awards as permitted by law;

j. For an order compelling the accounting of the books and records of Vehi-Ship, Vehi-Ship's expense; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 7, 2019                    Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:   /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Federal I.D. No. 2338068
Texas Bar No. 24033039
geordie@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiffs and the Putative Class Members***